

RECEIVED
AUG 1 8 2014
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY:

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

HENRY HERFORD                       CIVIL ACTION NO: 13-1243

VERSUS                              JUDGE DONALD E. WALTER

CITY OF SHREVEPORT, ET AL.           MAGISTRATE JUDGE HORNSBY

## MEMORANDUM RULING

Before the court is a Motion to Dismiss filed by Defendants, The Republican Party of Louisiana ("RPL") and Roger Villere ("Villere"). [Doc. #19]. Plaintiff, Henry Herford ("Herford"), opposes the motion. [Doc. #29]. For the reasons assigned herein, Defendants' motion is hereby **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff filed suit against the City of Shreveport, Officer David Bonillas, Officer C.W. Ivy, RPL, and Villere after he was allegedly injured on June 2, 2012 at the Louisiana Republican State Convention held in Shreveport, Louisiana. Plaintiff was attending the convention as a guest of the Ron Paul for President Campaign. [Doc. #1 at 7]. Plaintiff alleges that Ron Paul supporters were elected to fill 111 of the 180 delegate seats to the Louisiana Republican State Convention, which is empowered by the RPL to select delegates for the Republican National Convention. [Doc. #1 at 8]. Plaintiff alleges that despite the large percentage of support for Ron Paul, the RPL only slated one Ron Paul delegate to attend the National Convention. [Doc. #1 at 9]. Plaintiff alleges that in violation of its own rules, on the eve of the Convention the RPL Executive Committee distributed an affidavit containing Supplemental Rules which implemented material changes to the rules governing the convention, all in an effort to minimize Ron Paul's representation at the National

Convention. [Doc. #1 at 10].

The Louisiana Republican State Convention was officially opened on June 2, 2012, by Villere, the Louisiana Republican State Central Committee Chairman. According to the Plaintiff's complaint, the meeting quickly became chaotic. Plaintiff alleges that after Villere opened the meeting he stated that the convention would be governed by Supplemental Rules, and after addressing one question regarding the matter, Villere ignored all motions from the floor and proceeded to plow through the agenda without looking up from the lectern. [Doc. #1 at 13-16]. As part of the agenda, Villere then called for a report from the Rules Committee. Plaintiff alleges that Villere deliberately did not call the Chairman of the committee, Mr. Helwig (who was a Ron Paul supporter), choosing instead to call Mr. Wilfong to the podium. When Mr. Helwig objected he was ruled to be out of order and was forcibly removed from the convention by uniformed officers. [Doc. #1 at 17-24]. Plaintiff alleges that a motion was made and carried to remove Mr. Villere. Plaintiff alleges that the delegates then voted to elect him as the new Chairman and he took the podium to begin his charge of the meeting.

Plaintiff alleges that at this point two uniformed Shreveport police officers, Defendants C.W. Ivy and David Bonillas, grabbed him and pulled him backwards over a chair and onto the floor. [Doc. #1 at 31-33]. Plaintiff states that the use of excessive force caused his artificial hip to dislocate and then painfully pop back into place. [Doc. #1 at 34]. Plaintiff was transported to a hospital where he was later placed under arrest. [Doc. #1 at 36].

Plaintiff asserts a claim against the officers pursuant to 42 U.S.C. § 1983, alleging that the officers violated his rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution, as well as state law claims for assault, battery, and intentional infliction of emotional

distress against the arresting officers. Plaintiff also names as a Defendant the City of Shreveport for its alleged failure to properly train the officers in question.

Plaintiff alleges that Villere and the RPL violated the rules and procedures for the convention in a deliberate effort to disenfranchise supporters of Ron Paul, and circumvent the will of the Republican electorate. Plaintiff alleges that Villere and the RPL further violated its rules and accepted parliamentary procedure by failing to recognize the valid election of Plaintiff as Chairman of the State Republican Convention, and by ordering or permitting the removal of Plaintiff from the Convention, with no basis to do so. Plaintiff also asserts that pursuant to pursuant to 42 U.S.C. § 1983 Villere and RPL were acting under the color of law when their actions lead to his physical injury, wrongful detention, and the denial of free speech, all in violation of the Constitution. [Doc. #1 at 59-64].

## LAW AND ANALYSIS

Under Federal Rule of Civil Procedure 12(b)(6) a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." In considering a motion to dismiss for failure to state a claim a district court must limit itself to the contents of the pleadings, including attachments thereto. Fed. R. Civ. P. 12(b)(6); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). A pleading will survive a Rule 12(b)(6) motion to dismiss if it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The court must accept all of the plaintiff's allegations as true. *Twombly*, 550 U.S. at 550.

However, the plaintiff's pleading must contain more than a "formulaic recitation of the elements of a cause of action." *Id.* at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

Plaintiff alleges that RPL and Villere violated his rights under the First, Fourth, and Fourteen Amendments of the United States Constitution, and has asserted claims against them pursuant to 42 U.S.C. § 1983. The provisions of 42 U.S.C. § 1983 state that every person who acts under the color of state law to deprive another of constitutional rights shall be liable to the injured party. To properly state a claim pursuant to 42 U.S.C. § 1983 a plaintiff must establish two elements: (1) a violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed by a state actor or a person acting under the color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A plaintiff asserting claims pursuant to section 1983 "must support his claims with specific facts [] and may not simply rely on conclusory allegations." *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995).

Generally, a private person is not considered to act under the color of law. *See Ballard v. Wall*, 413 F.3d 510, 519 (5th Cir. 2005). However, a private person may act under the color of law under certain circumstances. For instance, if a private citizen is involved in a conspiracy or participates in joint activity with state actors. *Id.* A plaintiff must allege that the private citizen conspired with or acted in concert with state actors. *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004). To properly plead an action under the color of law premised on a conspiracy theory "the plaintiff must allege: (1) an agreement between the private and public defendants to commit an

4

illegal act, and (2) a deprivation of constitutional rights. *Id.*, 354 F.3d at 420. Allegations of a conspiracy that are merely conclusory, without reference to specific facts cannot survive a motion to dismiss. *Id.*

Plaintiff alleges that RPL and Villere were acting under the color of law and that they deprived him of his constitutional rights. However, Plaintiff does not allege that there was an agreement or conspiracy between RPL, Villere, and the arresting officers to deprive him of his constitutional rights. Plaintiff argues in his opposition that RPL and Villere should be considered state actors because they acted with and directed the officers to detain and arrest him.

Plaintiff describes his arrest in his Complaint as follows: "Plaintiff was led to the Chairman's station and was handed a microphone. Plaintiff then called the meeting to order. Thereafter, two or more armed officers approached Plaintiff. Upon information and belief, two of these individuals were Shreveport Police Officer C.W. Ivy and Shreveport Police Officer David Bonillas. As Plaintiff was getting the meeting started, he was grabbed by several police officers, including Defendants Ivy and Bonillas." [Doc. #1 at 28-21]. Plaintiff does not allege that RPL or Villere participated in his arrest.

The only statement in Plaintiff's complaint regarding RPL and Villere's involvement in his arrest is as follows: "Defendant Villere, and the RPL further violated its rules and accepted parliamentary procedure by failing to recognize the valid election of Plaintiff as chairman of the State Republican Convention, and by ordering or permitting the removal of Plaintiff from the Convention, with no basis to do so." [Doc. #1 at 59]. Even if the Court assumes that RPL and Villere did in fact order Plaintiff's removal from the convention center, this is insufficient to establish that they are state actors because the Complaint does not contain factual allegations

sufficient to allege that there was an agreement between the Defendants and the arresting officers to deprive him of his rights.

Accordingly, Plaintiff has failed to sufficiently state a claim that RPL and Villere are state actors such that they may be held liable pursuant to 42 U.S.C. § 1983.

Turning to the remainder of Plaintiff's allegations against RPL and Villere, the court cannot discern any viable state law claims based on RPL and Villere alleged violations of convention rules and parliamentary procedures of the Louisiana Republican Party.

## CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss [Doc. #19] is **GRANTED**. Plaintiff's claims against the Republican Party of Louisiana and Roger Villere are hereby **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED**, this __11__ day of August, 2014.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE