UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

HENRY HERFORD                         CIVIL ACTION NO. 13-cv-1243

VERSUS                                JUDGE WALTER

CITY OF SHREVEPORT, ET AL             MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Henry Herford ("Plaintiff") filed suit against the City of Shreveport, two police officers, the chairman of the Louisiana Republican party and others after he was allegedly injured in June 2012 at the Louisiana Republican State Convention held in Shreveport. Plaintiff, a Ron Paul supporter, had a disagreement with party officials that ended with him being physically removed from the convention. He asserted a number of claims related to these events.

Plaintiff was originally represented by Attorney Charles Kincade, who shepherded the case through various proceedings until his untimely death in October 2014. When Plaintiff had not enrolled new counsel by late January 2015, the court issued an order that encouraged him to enroll new counsel or file a written statement of his intention to represent himself. Doc. 47. Attorney Jeffry L. Sanford then enrolled as attorney for Plaintiff. Doc. 48. Less than five months later, however, Attorney Sanford filed a motion to withdraw on the grounds that certain agreements relative to the attorney-client relationship had not been met. Doc. 58. The motion was granted, and an order was sent to Plaintiff at his last known address

(provided by counsel) that strongly encouraged him to retain new counsel and granted until August 10, 2015 to either (1) enroll new counsel or (2) file with the court a written statement that he intends to represent himself. The order warned: "Failure to take one of those steps prior to August 10, 2015 may result in Plaintiff's case being dismissed, without further notice, for failure to prosecute." The docket sheet indicates that a copy of the order was mailed to Plaintiff.

The August 10, 2015 deadline has passed, but there has been no action of record by Plaintiff or an attorney acting on his behalf. The court provided ample time for Plaintiff to secure new counsel or indicate his desire to proceed without counsel. Plaintiff has not taken even the simple step of alerting the court that he desires to proceed on his own. It is unlikely that a plaintiff who is unwilling to take such a simple step is interested enough in his case to comply with the other more serious and demanding requirements of litigation. Attempting to proceed further with this action would be a waste of time and resources for the court and other parties. Dismissal without prejudice for failure to prosecute is the best exercise of the court's discretion in these circumstances.

Accordingly;

**IT IS RECOMMENDED** that this civil action be dismissed without prejudice for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and

recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 19th day of August, 2015.

*Mark L. Hornsby*
U.S. Magistrate Judge